J-A18013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD W. ELLARD, | : | |
| | : | |
| Appellant | : | No. 1388 MDA 2013 |

Appeal from the Judgment of Sentence entered on May 15, 2013
in the Court of Common Pleas of York County,
Criminal Division, No. CP-67-SA-0000432-2011

BEFORE:  LAZARUS, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　**FILED AUGUST 11, 2014**

Richard W. Ellard ("Ellard") appeals from the judgment of sentence imposed following his conviction of two summary offenses under the Motor Vehicle Code (hereinafter "the Vehicle Code"): (1) operating a motor vehicle that does not comply with Pennsylvania Department of Transportation ("PennDOT" or "department") regulations, 75 Pa.C.S.A. § 4107(b)(2);[1] and (2) failure to comply with the requirements of a police officer, *id.* § 6311.  We affirm.

---

[1] Section 4107(b)(2) provides, in pertinent part, that "[i]t is unlawful for any person to … [o]perate … on any highway in this Commonwealth any vehicle … which is not equipped as required under this part or under department regulations …."  75 Pa.C.S.A. § 4107(b)(2).  The PennDOT regulation implicated in this case is 67 Pa. Code § 175.67, which prohibits, with a few exceptions, any "sun screening device … which does not permit a person to see or view the inside of the vehicle …."  *Id.* § 175.67(d)(4).

On August 2, 2011, Officer Richard Eisenhart ("Officer Eisenhart") was sitting in his patrol car when he saw a Mercedes Benz, operated by Ellard, which appeared to have windows that were tinted in violation of the law. After stopping Ellard's vehicle, Officer Eisenhart used a calibrated "tint meter" to test the degree of the tint, which revealed that Ellard's windows allowed only 10% light transmittance. PennDOT regulations require 70% light transmittance.[2]

Based upon this equipment violation, Officer Eisenhart issued Ellard a "M.V. 403A card" (hereinafter "compliance card"), requiring that Ellard remove all non-factory window tinting from his vehicle within five days, and return the compliance card to the police, verifying that the window tinting was removed. Ellard never returned the compliance card.

Accordingly, Officer Eisenhart issued two citations to Ellard: one for his failure to respond regarding the compliance card, *see* 75 Pa.C.S.A. § 6311; and the other under 75 Pa.C.S.A. § 4107(b)(2), for Ellard's violation of the PennDOT sun screening regulation at 67 Pa. Code § 175.67(d)(4).[3] Notably to this appeal, Officer Eisenhart did not cite Ellard under the provision of the Vehicle Code that governs sun-screening materials on motor vehicles. *See* 75 Pa.C.S.A. § 4524(e)(1) (providing that, unless one of the enumerated

---

[2] *See* 67 Pa. Code § 175.265, Table X (hereinafter referred to as "Table X") (setting forth specific light transmittance requirements for different passenger cars).

[3] Section 175.67(d)(4) also references Table X.

exceptions is met, "[n]o person shall drive any motor vehicle with any sun screening device … which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle.").

In October 2011, a Magistrate District Judge convicted Ellard of the two above-mentioned summary offenses. Upon a *de novo* appeal by Ellard, the trial court conducted a bench trial, wherein Ellard's defense counsel argued that both of the charges against Ellard must be dismissed because Officer Eisenhart improperly cited Ellard for the illegal window tinting under section 4107(b)(2) of the Vehicle Code (which was based upon Ellard's violation of the PennDOT regulation at 67 Pa. Code § 175.67(d)(4)). Ellard argued that Officer Eisenhart should have cited him under section 4524(e), since that is the statutory provision that specifically governs window tinting, and, according to Ellard, statutes always supersede administrative regulations. The trial court disagreed with Ellard's argument, affirmed his convictions, and imposed an aggregate fine of $525 for the two offenses. Ellard timely filed a Notice of Appeal.

On appeal, Ellard presents the following issue for our review: "Whether the explicit language of 75 Pa.C.S.[A.] § 4524(e), which regulates sun screening on car windows, should super[s]ede the [PennDOT] equipment regulations that regulate the same topic as incorporated into the

Vehicle Code via the catch-all provision at 75 Pa.C.S.[A.] § 4107(b)(2)?" Brief for Appellant at 4 (capitalization omitted).

Because Ellard's issue presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Raban**, 85 A.3d 467, 468 (Pa. 2014).

Ellard argues that his convictions must be vacated because Officer Eisenhart improperly cited him for the unlawful window tint pursuant to the PennDOT regulation at 67 Pa. Code § 175.67(d)(4), when the citation should have been issued under the statutory provision at 75 Pa.C.S.A. § 4524(e)(1), which supersedes the PennDOT regulation. **See** Brief for Appellant at 4-5 (citing, *inter alia*, **Commonwealth v. Kerstetter**, 62 A.3d 1065, 1069 (Pa. Cmwlth. 2013) (stating that "[i]t is axiomatic that a statute is the law and trumps an administrative agency's regulations.")).[4]

Upon review of the law and the parties' arguments, we are unpersuaded by Ellard's claim. To the extent that Ellard asserts that there is a conflict between section 4524(e)(1) of the Vehicle Code and the PennDOT regulation in question, he fails to properly develop this bald allegation, and our review discloses no conflict. Indeed, the substantive language of both provisions is virtually identical. **Compare** 75 Pa.C.S.A. § 4524(e)(1) (providing that "[n]o person shall drive any motor vehicle with any sun

---

[4] We observe that Ellard does not argue that the evidence against him was insufficient to support his convictions. Rather, he asserts that he should have never been convicted of *any* offense because the Commonwealth failed to charge him under the proper section of the Vehicle Code.

screening device or other material which does not permit a person to see or view the inside of the vehicle through the windshield, side wing or side window of the vehicle."), **with** 67 Pa. Code § 175.67(d)(4) (prohibiting any "sun screening device or other material which does not permit a person to see or view the inside of the vehicle ...."). Moreover, the PennDOT regulation, by referring to Table X, merely expounds upon the statutory provision by providing precise standards for permissible light transmittance thresholds.[5] Without these standards, police officers would be left with no objective testing parameters to determine whether a vehicle's window tint was in violation of the law. Finally, the cases that Ellard relies upon in his brief are inapposite,[6] as they dealt with statutory and regulatory provisions that had clear conflicts/inconsistencies. In the instant case, there is no conflict or inconsistency between 75 Pa.C.S.A. § 4524(e)(1) and 67 Pa. Code § 175.67(d)(4).

Accordingly, we conclude that the trial court did not commit legal error and that Ellard's convictions are proper.

---

[5] 75 Pa.C.S.A. § 4524(e) is silent as to acceptable levels of light transmittance.

[6] *See Equitable Gas Co. v. Wade*, 812 A.2d 715 (Pa. Super. 2002), and *Kerstetter, supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/11/2014